243 P.2d 455

**ROMAN CATHOLIC CHURCH, DIOCESE OF TUCSON et al. v. KEENAN.**

No. 5391.

Supreme Court of Arizona.

April 21, 1952.

Knapp, Boyle, Bilby & Thompson, of Tucson, for appellant Roman Catholic Church.

Darnell, Robertson & Holesapple, of Tucson, for appellant E. Samuel Gercke.

Harold C. Wheeler and James M. Howsare, of Tucson, for appellee.

STANFORD, Justice.

Appellee, Michael Keenan, brought this action through his guardian ad litem to recover damages for an injury incurred on the playground of the Catholic All Saints School in Tucson, Arizona. The trial of the cause resulted in a directed verdict in favor of all of the defendants at the close of plaintiff's testimony on the ground that no negligence was shown. Thereupon, plaintiff, appellee herein, filed a motion for new trial. The trial court granted the motion as to the defendants Roman Catholic Church, Diocese of Tucson, and E. Samuel Gercke, a general contractor, and denied the motion as to defendant L. M. White, a subcontractor. Appellants Gercke and Roman Catholic Church now appeal from the order granting a new trial.

The facts, stated in a light most favorable to appellee and to an affirmance of the order appealed from, are as follows:

Appellee, an eight year old boy at the time of the accident, was a duly enrolled student in the second grade at said All Saints School. A merry-go-round was maintained on the school playground for the use and enjoyment of the younger children in attendance. On the date of the accident, September 8, 1948, appellee was thrown from the moving merry-go-round

22

and struck his head against some pipes stacked in close proximity to the merry-go-round. The pipes, which are referred to as "monkey bars", were to be assembled at a later date as an addition to the playground equipment. As a result of the accident, appellee sustained a fractured skull which required hospitalization and operations and necessitated the placing of a steel plate in his skull.

Appellee's complaint alleged that his injuries would prevent him from engaging in normal activities for a long period of time and that he would be unable to engage in many types of activities for the remainder of his lifetime. Appellee alleged that the injuries were the direct and proximate result of defendants' negligence in leaving the pipes under and about the merry-go-round.

■ The first assignment of error of appellant Roman Catholic Church (hereinafter referred to as the Church) seeks to uphold the directed verdict in its favor by contending that it was and still is a charitable institution and that no negligence in the selection of its agents or employees who were charged to have been responsible for the injuries suffered by appellee was shown. After appellee's motion for new trial was granted, the Church moved for summary judgment on the grounds that it was a charitable institution as defined in Southern Methodist H. & S. v. Wilson, 45 Ariz. 507, 46 P.2d 118. The lower court's denial of this motion presents the

basis for the Church's second assignment of error. As these two assignments of error raise the same issue they will be discussed together. Appellant's brief was written before our decision in Ray v. Tucson Medical Center, 72 Ariz. 22, 230 P.2d 220, which held charitable institutions are liable for the torts of their servants the same as any other party. The first two assignments of error therefore are without merit.

■ Appellant Church's third assignment of error contends the directed verdict must be unheld as appellee did not prove any negligence and that the court erred in granting a new trial as no legal reason existed for the setting aside of the directed verdict. Although appellee's motion for new trial did not specifically question the sufficiency of the evidence to sustain the verdict, appellant's third assignment of error now raises the issue. This court has always taken the stand that it will not reverse the trial court for granting a new trial when the evidence is conflicting. If there is conflicting evidence, therefore, the order granting a new trial must be affirmed. See Zevon v. Tennebaum, 73 Ariz. 281, 240 P.2d 548.

Bruce Michael Carrigan, a ten year old boy, was called as a witness for the appellee. He testified, in part, as follows:

"Q. Did you notice anything unusual about the merry-go-round or the surroundings that day, Mickey? A.

They had monkey bars stacked up over by the side of it.

"Q. Monkey bars, what are those, Mickey? When you say 'monkey bars' what do you mean? A. Well, they are bars that they make up and kids climb around on them.

\* \* \* \* \* \*

"Q. Well, let me put the question to you this way. The start of the school year 1948 was there anything unusual that happened there on the school ground of All Saints School? A. A few boys and girls got hurt.

"Q. A few boys and girls got hurt. What did they get hurt on, Mickey, or do you know? A. The merry-go-round.

"Q. Was it the second morning you were going to school, Mickey, or do you recall? A. I think it was the second day. The first day we only had a half a day.

\* \* \* \* \* \*

"Q. Did you notice anything unusual that he was involved in the second day? A. He got hurt.

"Q. He got hurt? A. Yes.

"Q. Will you relate to the Court what happened at that time, Mickey. Just take your time and in your own words just tell the Court what happened, if you recall? A. When I got on the merry-go-round I skinned my knee, and so I got off to see how bad;

and some of the girls started screaming and I turned around and he was on the ground and the merry-go-round, when it came around, it pushed him, and then he hit the part of the monkey bars that were stacked down there.

"Q. You say 'he'. You mean Michael here? A. Yes, sir."

 We believe there was a sufficient showing of facts from which negligence might reasonably be inferred, and upon which the lower court, in its discretion, could grant a new trial. We hold the order granting a new trial as to appellant Roman Catholic Church was not an abuse of the trial court's discretion and therefore is affirmed.

 Appellant E. Samuel Gercke presents four assignments of error but we think the following assignment is sufficient for the determination of his appeal:

"The trial court erred in granting plaintiff's motion for a new trial for the reason that the evidence conclusively established that the control and possession of the premises had been relinquished to the defendant Church by the defendant Gercke, relieving the defendant Gercke of any duty he may have previously owed to the plaintiff."

We find from the testimony that the school building was completely finished and turned over to the school authorities for the opening of school. The evidence absolves appellant E. Samuel Gercke, the contractor, from

24

any liability, and accordingly we hold that the trial court erred when it granted a new trial as to this defendant. The court's action in this behalf was not sustained by the evidence and we therefore reverse the order granting a new trial as it applies to appellant E. Samuel Gercke.

Order granting new trial affirmed as to the Roman Catholic Church, Diocese of Tucson, and reversed as to E. Samuel Gercke, with directions to enter judgment dismissing the case as to him.

UDALL, C. J., and PHELPS and LA PRADE, JJ., concur.

DE CONCINI, J., took no part in determining this appeal.