Dye, J.
The individual appellants, who are here by leave of our Chief Judge, each stands convicted of having ‘' wilfully, wrongfully and unlawfully maintained a lodging house ” in violation of Village Ordinance No. 10.1 (§ 6, subd. [A], par. 4) of the Incorporated Village of Freeport, Long Island.
From the substantially undisputed testimony, it appears that West Merrick Road Realty Corporation (a named defendant) built and is now the owner in fee of a building for use as a hospital. This is located in a residence “ A ” zone and is a permitted use. Subsequently,- and for use in connection therewith, the corporation purchased two contiguous properties designated as No. 83 and No. 107 Washington Street, on each of which is located a dwelling house. Both properties are adjacent to the hospital parking lot and, when combined with the main building, make a unified facility. The corporation then leased the whole as a unit to these appellants, all of whom are licensed physicians and practicing their professions as such. They now operate the facilities under the name of “ Doctors Hospital It is the only hospital in the area. In this connection, the dwelling known as No. 83 was occupied rent free by four persons, three of whom are full-time employees in the hospital who also were furnished all of their meals at the hospital and were paid a salary. The dwelling house at No. 107 was occupied by five persons, each of whom was employed by the hospital; one, a laboratory technician, had deductions made from her salary as part payment for use of her room. The other occupants were all nurses, one of whom paid $30 per month rent for use of her room. Two others stated that an adjustment *119 was made in salary in lien of rent and a third paid no rent.
Village Ordinance No. 10.1 (§ 2) defines:
“A. ‘Boarding house ’ shall mean any dwelling in which more than three persons are housed or lodged for hire with or without meals. A rooming house or furnished room house shall be deemed a boarding house.
“ B. " Accessory Use ’ means a use customarily incidental and subordinate to the principal use or building and located on the same lot with such principal use or building.
“ C. ‘ Family ’ means any number of individuals living together as a single housekeeping unit, and doing their cooking as a unit on the premises.”
Having found that the two dwellings were part of the same tax lot as the hospital property, the County Court should have held that their use was permissive as an accessory within the purview of the Zoning Ordinance. True, the Zoning Ordinance does not set forth any standards as to what constitutes an accessory use in the operation of a hospital. It is however generally known, which in these times may be judicially noticed, that hospitals customarily provide living accommodations for at least some of their personnel. Here, there was, in fact, testimony that some of the nurses and technicians would not have taken employment in this hospital or would not have continued their employment if living quarters had not been so provided. Such a showing establishes that in this instance the use of the dwellings—located as they are — contiguous to and forming a part of a unified facility known as ‘ ‘ Doctors Hospital ” for the housing of a part of the hospital personnel, constitutes within the meaning of the village ordinance an accessory use customarily incidental to and subordinate to the principal use of the main building. Whether the persons using the dwellings in the manner shown constitute a family unit need not detain us, since it clearly appears that the dwellings are being used as an accessory to the hospital.
The judgments should be reversed, and the cash fine remitted in each instance, and the information dismissed.
Conway, Ch. J., Desmond, Fund, Froessel, Van Voorhis and Burke, JJ., concur.
Judgments reversed, the complaints dismissed and the fines remitted.