Hazel SHEPPARD, Appellant,

v.

IMMANUEL BAPTIST CHURCH et al.,
Appellees.

Court of Appeals of Kentucky.

Dec. 15, 1961.

Rehearing Denied Feb. 16, 1962.

Howell W. Vincent, Edwin H. Henry, Covington, for appellant.

Marion W. Moore, Blakely, Moore & O'Hara, Covington, for appellees.

MOREMEN, Judge.

Appellant, Hazel Sheppard, brought suit against appellees, Immanuel Baptist Church and its Board of Trustees, by which she sought to recover damages for injuries she sustained when she fell in the church. Appellees filed an answer which contained, inter alia, a plea that the church was operated as a religious charitable institution and therefore was immune from liability for tortious actions and also that appellant had been guilty of contributory negligence. The deposition of appellant was taken on discovery, and two affidavits by the minister, Rev. Coers, were filed. A motion of appellees for summary judgment was sustained by the circuit court. We are unable to determine from the judgment whether the motion was sustained on the ground that the church was not liable for tort or whether the facts disclosed on discovery and by affidavit were the bases of a finding that appellant beyond doubt was guilty of such contributory negligence as bars recovery.

The judgment was entered before our decision in Mullikin Adm'x v. Jewish Hospital Association of Louisville, Ky., 348 S.W.2d 930, wherein this court departed from its previous rule which granted to such charitable institutions immunity from tort liability, and permitted these institu-

tions to assume the same duties and liabilities as those of other persons and entities not engaged in religious or charitable work.

■ There remains the question of whether a summary judgment should have been granted on the ground that there was no genuine issue as to any material fact concerning whether appellant was contributorily negligent.

The deposition taken on discovery and the affidavits by the minister failed to show clearly facts as to the conditions which caused the fall by appellant. She testified that a short time before three o'clock on February 1, 1958, she entered the church of which she was a member for the purpose of attending the marriage ceremony of her stepson. Shortly before the ceremony the minister summoned her into his office. The office had two doors which were open. She entered the door from the front vestibule of the church. After she had been in the office a few minutes someone else appeared at the same door and the minister invited her to leave by a door other than the one through which she had entered.

It is impossible to obtain from the record a true description of the circumstances which existed. Apparently there was an unlighted hall outside the door that contained a ramp which she stated led to the basement. We also get the impression that through this hall one may reach flights of stairs which lead to a chapel the next floor above.

She testified:

"Q. You walked out that door? A. Yes.

"Q. What if anything happened? A. I fell on my face.

"Q. Did you have to step up? A. No.

"Q. Did you have to step down? A. I should have stepped down, I did not know there was a step there. It slopes down, as it runs down the ramp it gets higher as the ramp goes down.

"Q. There's a step off? A. Yes, it starts out little and gets higher."

An affidavit by Rev. Coers contained this statement:

"Some other matter came up and Hazel Sheppard was excused by this Affiant, and as she was making her way out the opposite door from which she had entered, she stumbled over the offset which exists in the building, fell with force and injured herself."

Appellant also testified that she did not look down to see if there was a step off. A ramp leading from a door is not rare but at the same time it is not such a common or ordinary method of construction that it might reasonably be anticipated by one entering a dark hall if the hall in fact is without proper lighting. We are not sure if this ramp leads directly either up or down from the door; in fact, the testimony of appellant indicated that the ramp crossed the door in a right angle plane when she stated "I did not know there was a step there. It slopes down, as it runs down the ramp it gets higher as the ramp goes down." Rev. Coers' statement that "she stumbled over the offset which exists in the building" adds nothing to clarify the picture.

We have held that a party moving for summary judgment under CR 56 has the burden of establishing that no genuine issue as to material facts exists and that he is entitled to a judgment as a matter of law. Puckett v. Elsner, Ky., 303 S.W.2d 250. It has also been held that even when the facts are uncontroverted the party seeking summary judgment must place before the court facts sufficient to enable it to apply appropriate principles of law. Fergerson v. Utilities Elkhorn Coal Co., Ky., 313 S.W.2d 395.

In the case at bar from the evidence produced we are unable to determine what the conditions were at the place of the ac-

cident or the real direct and proximate cause of appellant's injury. The facts in this case are similar to those in Scheiber v. City of Louisville, Ky., 324 S.W.2d 822, 823, where after taking defendant's deposition for purposes of discovery motions for summary judgment were filed on the ground that it appeared from the deposition that there was no genuine issue of a material fact as to the negligence which was the proximate cause of plaintiff's injury.

It was said:

"The plaintiff has prosecuted an appeal from the judgment dismissing his complaint against the City of Louisville. He has not appealed from the judgments dismissing it against the other defendants.

"The plaintiff's deposition is indefinite as to the exact spot of the defective condition of the sidewalk where he fell and as to whether he stepped in a hole or stumbled on a loose and rough surface. He just didn't seem to know exactly what caused him to fall, but he did say unequivocally there was a 'good sized hole' and a break in the sidewalk which caused him to fall. He suffered a broken leg and was taken to the hospital immediately. We regard the deposition as containing enough evidence of substance to show that there were issues of fact of causal negligence.

"The burden is upon the movant for a summary judgment to convince the court by the record of the non-existence of an issue. It is to be borne in mind that there is a difference between discovering whether there is an issue of fact to be tried and whether after trial the evidence is insufficient as a matter of law to take the case to the jury. CR 56.03; Rowland v. Miller's Adm'r., Ky., 307 S.W.2d 3, and authorities cited therein; Fergerson v. Utilities

Elkhorn Coal Co., Ky., 313 S.W.2d 395. We conclude, therefore, the summary judgments should have been denied."

A warning of the danger of granting summary judgment in such cases may be found in Moore's Federal Practice, 2nd Ed. Vol. 6 § 56.17 (42) Page 2232, where it is said:

"Here we start with the general proposition that issues of negligence, including such related issues as contributory negligence, are ordinarily not susceptible of summary adjudication either for or against the claimant, but should be resolved by trial in the ordinary manner. But there are cases when a summary judgment may properly be rendered."

■ CR 56 was never intended to be a substitute for a court trial in cases where a party has not had an opportunity to present all the facts which might help lead the court to a just determination of the cause. As is said in Payne v. Chenault, Ky., 343 S.W.2d 129, 133, which is not a negligence case although the reasoning is applicable here:

"Where there is a genuine issue on a material fact, and it is properly joined by the pleadings, a trial is the only battleground. Until the time of trial every litigant must have the opportunity to search for and secure whatever evidence may be necessary to perfect his case, and unless it is manifestly impossible for him to produce it he cannot be forced to a premature showdown in that respect by a motion for summary judgment."

We believe the motion for summary judgment should not have been sustained and the judgment is therefore reversed.

MONTGOMERY and STEWART, JJ., dissent.