**Maxim KOPRIVICA, Appellant,**

v.

**BETHESDA GENERAL HOSPITAL,**
a corporation, Respondent.

No. 51784.

Supreme Court of Missouri,
Division No. 2.

Dec. 12, 1966.

Motion for Rehearing or for Transfer to Court
En Banc Denied Jan. 9, 1967.

Biggs, Hensley, Curtis & Biggs, Ward Fickie, Frederick E. Hines, St. Louis, for plaintiff-appellant.

Robert W. Wilson, R. E. Keaney, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, for respondent.

BARRETT, Commissioner.

The appellant Maxim Koprivica alleged that in September 1964 while a patient in Bethesda General Hospital and "not aware of what he was doing, (he) attempted to leave said hospital by sliding down some blankets tied together * * * slipped and fell to the ground below, suffering injuries" entitling him to damages of $50,000.

He alleged that the hospital was negligent in that "its agents and employees in that knowing his condition and the manner in which it would manifest itself, no adequate or sufficient watch was maintained over him; that he was assigned to a room which could be locked from the inside; that the noises he made in moving his bed and an oxygen cylinder to barricade his door alerted or should have alerted the hospital, its agents and employees that something out of the ordinary was occurring in plaintiff's room, yet no action or precaution for the protection of plaintiff was taken by defendant."

In response to this pleading the hospital moved for summary judgment alleging that it was a general hospital, "a pro forma corporation not organized for pecuniary profit and is a benevolent, scientific, education, non profit and eleemosynary institution," and that "(b)y reason of the foregoing, defendant is immune from suit or damages based upon its alleged torts, which immunity the defendant now claims." After a hearing on the motion for summary judgment, the hospital introducing its 1892 and 1899 records of pro forma incorporation "to establish and maintain hospitals, clinics, laboratories, training schools and all other activities necessary for the scientific care and treatment of the sick and injured," the court sustained the motion, entered judgment for the hospital and the plaintiff Koprivica has perfected an appeal to this court.

The appellant recognizing that in similar if not identical situations this jurisdiction has adopted and adhered to the so-called "charitable immunity" doctrine urges because of "change in conditions and circumstances," including the recently enacted medicare legislation, that this court should re-examine "public policy" and prospectively abrogate "the rule of charitable immunity for voluntary nonprofit hospitals." In support of his position the appellant points to twenty jurisdictions and their cases in which the immunity doctrine once prevailed but has now been abrogated. Other cases, law review articles, learned treatises and journals are referred to and it is said that only five states, including Missouri, now adhere "to the doctrine of total immunity" and upon all these considerations it is urged that this court "join the mainstream of current thought in this field and establish a public policy which says hospitals must exert an ordinary standard of care in treating their paying patients or be held liable for failure to do so." In support of his contentions the appellant has lodged in this court brochures dealing with health and hospital insurance, statistical data as to hospital charges, income and losses and also journals of the American Hospital Association.

One of the difficulties with the presentation of all this data is that it was neither received nor offered in evidence and was not of course officially before the trial court. Some of this material, particularly the learned articles, is referred to in a number of the cases in which the doctrine was repudiated, as for example the recent cases of Flagiello v. Pennsylvania Hospital, 417 Pa. 486, 208 A.2d 193, and Adkins v. St. Francis Hospital of Charleston, (W. Va.), 143 S.E.2d 154, and it may be that in one sense this court could judicially know some of these things. But as stated, there was no offer of proof by the plaintiff and the respondent hospital relying solely on its charitable immunity offered no countervailing evidence or statistical data and thus as to the basic attack upon the doctrine, even if an open question, this was not the traditional adversary proceeding in which every facet of the problem was before the court. On the motion for summary judgment in which the appellant tacitly joined, thinking no doubt that it was sufficient to abstractly attack the doctrine on principle, his only insistence was that the record show that Bethesda General Hospital had amended its corporate charter and was no longer a "pro forma corporation" (RSMo 1959, § 352.060) but "has adopted the 'General non-for profit corporation,' statutes" (RSMo 1959, §§ 355.010, 355.020). The

hospital's 1962 amended charter being stipulated plaintiff's counsel joined in the summary judgment submission. And so the case is here on Mr. Koprivica's petition, the verified motion and the amended charter. Insofar as illustratively material here the amended charter provides that "(t)he purposes for which this corporation is organized shall be (a) to establish, maintain and operate hospitals, infirmaries, clinics, laboratories, training schools, and all other activities necessary or convenient for the scientific care and treatment of the sick, infirm and injured, the chronic sick and convalescent, * * * (b) to establish, maintain and operate in a charitable manner homes for aged Christian men and women who would otherwise be unable to provide for themselves without hardship and to render such service at a cost substantially below its actual cost and to provide purely charitable services when possible * * *, (c) to protect and care for abandoned, ill treated, destitute and friendless children * * *. No part of the net earnings of the corporation shall inure to the benefit of any member, director, officer of the corporation, or any private individual (except that reasonable compensation may be paid for services rendered * * *)."

In the circumstances of this record it is not necessary to prolong this opinion, virtually the same arguments and appeals were made as recently as 1961 in an attempt to persuade the court to abrogate the charitable immunity doctrine as to hospitals. The arguments and cases were reviewed at some length but the doctrine was again affirmed "primarily as a rule of public policy, in the absence of legislation and of an indicated contrary legislative intent." Schulte v. Missionaries of La Salette Corp. of Mo., Mo., 352 S.W.2d 636, 639. Other relevant Missouri hospital cases including hospitals organized under RSMo 1959, §§ 352.010 and 352.020 are Dille v. St. Luke's Hospital, 355 Mo. 436, 196 S.W.2d 615; Nicholas v. Evangelical Deaconess Home, 281 Mo. 182, 219 S.W. 643, and Adams v. University Hospital, 122 Mo.App. 675, 99 S.W. 453.

And see Bethesda General Hospital v. State Tax Commission, Mo., 396 S.W.2d 631. In these circumstances the summary judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

EAGER, P. J., and DONNELLY, J., concur.

FINCH, J., concurs in result in separate concurring opinion filed.

CONCURRING OPINION

FINCH, Judge.

I concur in the result reached in this case by the majority opinion. The only evidence submitted to the trial court on defendant's motion for summary judgment consisted of documents in connection with incorporation of defendant as a pro forma decree corporation, plus documents disclosing that defendant has brought itself under the Not for Profit Corporation Act, Chapter 355, RSMo 1959 and V.A.M.S. Upon that state of the record, the trial court could do nothing other than sustain the motion for summary judgment and on appeal this court must affirm under the Missouri decisions cited in the majority opinion.

Appellant has filed in this court the "Source book of health insurance data 1964," issued by the Health Insurance Institute, and portions of the August 1, 1964, August 1, 1965 and August 1, 1966 issues of the Journal of the American Hospital Association. None of these were presented to the trial court. Appellant asks this court, based on these documents, to abrogate the existing charitable immunity for hospitals and to

reverse and remand this case for trial. This we cannot and should not do on the record before us on appeal.

I write this opinion, concurring in result, to indicate that in my opinion we should, if and when the question is fully presented to us on appeal, carefully review the existing charitable immunity doctrine as applied to pro forma and not for profit hospitals.

Some of the material presented to us by appellant indicates that for the year 1965 approximately 96% of total hospital expenditures by Missouri voluntary not for profit hospitals was derived from patient revenue. It does not appear whether any of these expenditures were for capital items or whether all were for operating expenses. This may pose a question of whether paying patients should be required personally to bear the risk and burden of injury which may result from lack of proper care in order to benefit what may be a proportionately small percentage of persons who are receiving charitable care.

We should consider all such facts and other pertinent information relative to hospital operations, including the number and extent of charity patients of the hospital, a breakdown of the source of operating funds of the hospital, and perhaps whether the hospital carries liability insurance and pays for same as an operating expense. All such evidence first should be submitted to a trial court for its consideration.

I express no view as to what disposition this court should make of such a case. That should await a consideration of the record presented to us. I do, however, believe that we should consider the matter fully when and if it is presented to us on a proper record. I do not believe that we should take the position that we will leave this determination to the legislature. The doctrine is one established by the courts, not by the legislature, and if we ultimately should conclude that it should be changed or modified, we should so hold.