Ottelea P. GARNIER and George M.
Garnier, Plaintiffs-Appellants,

v.

ST. ANDREW PRESBYTERIAN CHURCH
OF ST. LOUIS, Missouri, De-
fendant-Respondent.

No. 53653.

Supreme Court of Missouri,
En Banc.

Nov. 10, 1969.

Gerritzen & Gerritzen, by Ray Gerritzen,
St. Louis, for plaintiffs-appellants.

Robert E. Keaney, Moser, Marsalek, Car-
penter, Cleary & Jaeckel, St. Louis, for de-
fendant-respondent.

Forrest P. Carson, George A. Rozier, Jef-
ferson City, Elliott P. Koenig, St. Louis, for
amici curiae.

Carson, Inglish, Monaco & Coil, Jeffer-
son City, for amicus curiae, Missouri Hos-
pital Assn.

Rassieur, Long, Yawitz, Koenig &
Schneider, St. Louis, for amicus curiae,
Hospital Assn. of Metropolitan St. Louis.

HENLEY, Chief Justice.

This is an action in two counts by wife
and her husband against a church for dam-
ages for personal injuries and loss of
services. The total amount prayed for is
$45,000. Allegations of the petition are, in
substance, that while entering the church
to attend services Sunday, March 5, 1967,
Mrs. Garnier, as a result of defendant's
negligence, slipped and fell on the water-
covered slick tile floor of the church en-
tranceway and was injured. Defendant
moved for summary judgment, alleging that
it is, and owns and holds the church
premises as, a benevolent, religious, non-
profit corporation and charitable institu-
tion and, therefore, is immune from lia-
bility for its torts. The motion was sus-
tained, judgment was entered for defend-
ant, and plaintiffs appealed.

This case presents the same ques-
tion as that presented and decided in

Abernathy v. Sisters of St. Mary's, Mo., 446 S.W.2d 599, handed down concurrently herewith. The reasons given in our opinion in that case for abandoning the doctrine of charitable immunity apply no less to churches than to hospitals [1] and we would reverse and remand without further discussion were we not faced with a point raised in respondent's brief in this case not raised in the Abernathy case.

Respondent raises the point and contends for the first time on appeal that plaintiffs' petition fails to state a claim for relief in that, although plaintiffs pleaded Mrs. Garnier was an invitee and that respondent failed to exercise ordinary care for her safety, the fact is Mrs. Garnier was a licensee and, therefore, plaintiffs were required to plead willful and wanton misconduct on the part of respondent.

As indicated, respondent did not make this allegation in its motion for summary judgment. Had it alleged in its motion facts showing Mrs. Garnier was a licensee there would have been presented to the trial court a genuine issue of fact as to her status on the church premises. Hence, with the pleadings in that posture, the granting of summary judgment on that issue would not have been appropriate, and the trial court would not have disposed of the case on respondent's motion. Civil Rule 74.04(h), V.A.M.R.

■ Respondent's assertion here for the first time in its brief that Mrs. Garnier was a licensee, not an invitee, stands merely as a bare, unsupported, conclusionary allegation. All we have before us are the bare, conflicting, undetermined allegations of fact of the petition as opposed to this assertion in respondent's brief. This question of fact is for determination in the trial court in the first in-

stance, not in the appellate court. Hence, we may not decide and need not further notice this point.

■ For the reasons stated in Abernathy, supra, we hold that our decision abolishing the doctrine of charitable immunity applies to this case and to all future causes of action arising after November 10, 1969, the date of the filing of this opinion.

Accordingly, the judgment is reversed and the cause remanded for further proceedings.

FINCH, SEILER, MORGAN and HOLMAN, JJ., concur.

DONNELLY, J., dissents in separate dissenting opinion filed.

STORCKMAN, J., absent.

DONNELLY, Judge, dissenting.

I would hold that the defendant church, *in this particular case,* can assert the chariable immunity doctrine as a defense. I cannot hold a church congregation legally liable, to a person attending worship services, for injuries resulting from negligent maintenance of the church premises.

I subscribe to the view expressed by the Supreme Court of South Carolina in Decker v. Bishop of Charleston, 247 S.C. 317, 147 S.E.2d 264, at 268, as follows:

"It is our conclusion that the doctrine of charitable immunity should not be overruled. The doctrine is particularly applicable in this case. Here, we have a true charity, the church, engaged in conducting a religious service and, in which, Carolyn Gohl Schmidt was participating at the time of her injury."

I respectfully dissent.

1. Bell v. Presbytery of Boise et al., 91 Idaho 374, 421 P.2d 745; Malloy v. Fong et al., 37 Cal.2d 356, 232 P.2d 241; Roman Catholic Church, etc. v. Keenan, 74 Ariz. 20, 243 P.2d 455; Sheppard v. Immanuel Baptist Church et al. (Ky),

353 S.W.2d 212; Foster v. Roman Catholic Diocese of Vermont, 116 Vt. 124, 70 A.2d 230, 25 A.L.R.2d 1; Friend v. Cove Methodist Church, Inc., 65 Wash. 2d 174, 396 P.2d 546.