Adele D. CLARK and Kenneth L. Clark,
her husband, Appellants,

v.

FAITH HOSPITAL ASSOCIATION,
Respondent.

No. 55863.

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

Fordyce, Mayne, Hartman, Renard & Stribling, P. Terence Crebs, St. Louis, for appellants.

Richard O. Funsch, St. Louis, for respondent; Carter, Bull, Baer, Presberg & Lee, St. Louis, of counsel.

MORGAN, Presiding Judge.

The trial court sustained defendant's motion for summary judgment and plaintiffs have appealed.

The record reflects that plaintiffs are husband and wife; that defendant, by pro forma decree, had been incorporated for the purpose of operating a hospital as a charitable institution; that on February 3, 1969, the husband was a patient in said hospital; that on that date, the wife, while there to visit her husband, suffered injuries when she slipped and fell in the lobby thereof; and, that the suit in question was to recover damages for such injuries.

In answer to plaintiffs' petition, defendant filed what in essence was a general denial and further alleged that the plaintiff wife had been contributorily negligent. Subsequent thereto, defendant filed its motion for summary judgment. Said motion set out the objectives of the corporation as declared in its "Articles of Agreement" with the conclusion that: "Defendant is a charitable organization and as such is not liable for its alleged negligent acts." Thereafter, plaintiffs, with the obvious objective of showing defendant did not operate its hospital as a charitable institution, propounded interrogatories touching upon the hospital's financial operations. Defendant objected to such interrogatories on

the premise they called for information not material to any issues in the case.

Prior to any action being taken by the trial court, our opinions in Abernathy v. Sisters of St. Mary's, Mo., 446 S.W.2d 599, and Garnier v. St. Andrew Presbyterian Church, Mo., 446 S.W.2d 607, were handed down. Therein, it was declared, 446 S.W. 2d 599, at 606: "Having abolished the doctrine of charitable immunity, it remains for us to determine the point of departure from precedent. We are cognizant of the fact that retrospective application of our decision could result in great hardship to those institutions which have relied on our prior decisions upholding the doctrine of charitable immunity. Therefore, feeling that justice will best be served by prospective application of the decision announced today, we hold that the new rule shall apply to this case and to all future causes of action arising after November 10, 1969, the date of the filing of this opinion." See Burns v. Owens, Mo., 459 S.W.2d 303. Soon thereafter, the trial court sustained defendant's objections to plaintiffs' interrogatories, and also sustained defendant's motion for summary judgment. The latter entry provided judgment "shall be entered 15 days after date * * * unless within said fifteen days plaintiffs shall obtain a writ of prohibition."

█ We mention the conditional portion of the order solely because respondent has filed a motion to dismiss the appeal for the asserted reason that it was untimely filed. Nothing would be gained by reviewing the several dates involved, as the record shows that the delay in obtaining an appellate order on the requested writ of prohibition was not occasioned by appellant. The motion to dismiss the appeal is overruled.

█ On the merits, the appeal may be disposed of rather summarily. First, we are not inclined to depart from our original declaration in Abernathy, supra, that "justice will best be served" by prospective application of the rule abolishing charitable immunity. Second, it is recognized that a

plaintiff, prior to the effective date of the new rule on November 10, 1969, had a right to present evidence that a defendant, in fact, was not entitled to claim the immunity provided by the doctrine itself. The stated purpose of an organization is not the sole factor for consideration. Blatt v. Geo. H. Nettleton Home For Aged Women, 365 Mo. 30, 275 S.W.2d 344; Young Men's Christian Ass'n of St. Louis and St. Louis County v. Sestric, 362 Mo. 551, 242 S.W.2d 497; Community Memorial Hospital v. City of Moberly, Mo., 422 S.W.2d 290; and, Koprivica v. Bethesda General Hospital, Mo., 410 S.W.2d 84. See also the concurring opinion of Judge Finch in Koprivica, supra, and that of Judge Donnelly in Abernathy, supra.

Since plaintiffs were erroneously denied the opportunity to make such effort, we must reverse the judgment and remand the cause for further proceedings consistent with this opinion.

It is so ordered.