**Mr. and Mrs. Charles VARNAL, Appellants,**

v.

**GENERAL HOSPITAL AND MEDICAL CENTER, and Daniel Aks, Respondents.**

**No. 57027.**

Supreme Court of Missouri, Division No. 2.

Dec. 10, 1973.

Elwyn L. Cady, Jr., Independence, for appellants.

John R. Gibson, Douglas S. Roberts, Morrison, Hecker, Cozad, Morrison & Curtis, Kansas City, for respondent.

STOCKARD, Commissioner.

The plaintiffs, husband and wife, brought suit against a doctor individually and also against General Hospital and Medical Center, hereinafter referred to as the "hospital" for negligence in the treatment and care of Mrs. Varnal while a patient in the hospital in 1964. The trial court sustained the hosptial's motion for summary judgment, and a trial on the merits resulted in a verdict in favor of the doctor. Plaintiffs have now appealed, the notice was filed prior to January 1, 1972, and appellate jurisdiction is in this court by reason of the amount in dispute. The issues on this appeal are limited to whether the trial court erred in granting summary judgment in favor of the hospital.

The hospital filed a motion in this court to dismiss the appeal for the failure of plaintiffs to comply with the rules pertaining to the preparation of briefs. The motion is meritorious, but in a most liberal exercise of our discretion it is overruled.

The answer of the hospital was a general denial, and it also filed a motion for summary judgment on the basis that it was not liable for its torts by reason of the charitable immunity doctrine, and also because it operated as a governmental function of Kansas City, Missouri. An affidavit in support of the motion set forth in great detail the method of operation of the hospital and the sources of its income.

On September 15, 1967 plaintiffs filed interrogatories directed to the hospital and two individuals. Objections to all the questions in the interrogatories, except three which are of no importance to the pending issues, were sustained on May 22, 1970, and no other interrogatories were subsequently filed. There is no contention on this appeal that the court erred in sustaining the objections to the interrogatories.

On May 26, 1970 there was filed on behalf of plaintiffs an "Affidavit of Counsel," stated to be a "counteraffidavit to the affidavits offered by defendant [hospital] in its motion for summary judgment," in which it was stated that plaintiffs had on May 1, 1970 offered to compromise their claim for $8,500 and that counsel had reason to believe that the hospital carried liability insurance.

On June 16, 1970 the trial court, after considering "the affidavits, pleadings, depositions, and other documents of record," ruled that there was "no genuine issue as to any material fact" and sustained the hospital's motion for summary judgment. This would imply that the motion was sustained on both grounds alleged therein. However, in its brief to this court the hospital does not argue in support of immunity on the basis it performed a governmental finction.

Plaintiffs' only point on this appeal is that the court erred in granting summary judgment "since the hospital * * * did not show by unassailable proof that it was entitled to judgment as a matter of law when plaintiffs were undertaking to assail

the hospital's position by discovery procedure that was erroneously precluded by the court." We construe this point to present the contention that the court erred in sustaining the hospital's motion for summary judgment because (1) the hospital did not establish its right to summary judgment by "unassailable proof," and (2) it erroneously precluded them in their "discovery procedure."

The charity immunity doctrine was abolished in this state prospectively as of November 10, 1969. Abernathy v. Sisters of St. Mary's, 446 S.W.2d 599 (Mo. banc 1969). Plaintiffs' cause of action arose in 1964. In the affidavit filed in support of its motion for summary judgment the hospital set forth facts which if believed clearly established that in 1964 the hospital was operating within the charitable immunity doctrine. Plaintiffs filed no denial of those facts, and for that reason they stand admitted. Gruenewaelder v. Wintermann, 360 S.W.2d 678 (Mo.1962). We conclude that upon consideration of the pleadings, affidavits and other material before the trial court, summary judgment in favor of the hospital was proper, unless the entry thereof was premature in that it precluded plaintiffs from exercising their right of discovery of evidence.

In Clark v. Faith Hospital Association, 472 S.W.2d 375 (Mo.1971), this court recognized that in a cause of action which arose prior to November 10, 1969, the plaintiff "had a right to present evidence that a defendant, in fact, was not entitled to claim immunity provided by the [charitable immunity] doctrine itself." This rule was also announced in the separate concurring opinion in Koprivica v. Bethesda General Hospital, 410 S.W.2d 84 (Mo.1966). Plaintiffs apparently attempted to discover evidence to this effect by use of interrogatories, and they now contend on this appeal that by entering summary judgment the trial court erroneously precluded them from utilizing their discovery procedure. We agree that a court may not unreasonably restrict a plaintiff the right to discover such evidence, but we are of the opinion that no unreasonable restriction occurred in this case.

The only "discovery procedure" attempted by plaintiffs was the use of the interrogatories previously mentioned. Objections to those interrogatories were sustained, and as previously noted, appellant does not contend on this appeal that the court erred in that respect. Plaintiffs did not file and serve additional and proper interrogatories. Neither did they advise the court that they wanted to do so, or that they desired to pursue other discovery methods. No request was made for additional time to pursue discovery procedures, and on this appeal they make no effort to demonstrate what evidence they sought to discover, or in what manner it would have been relevant to the issue of the application of the charitable immunity doctrine.

The summary judgment was entered more than three years and seven months after the suit was filed. The issue of the hospital's right to summary judgment was before the court, and the record reflects nothing to indicate that the issue was not ready for decision. A time may be reached when a defendant is entitled to the disposition of the case against him, and in view of all the circumstances we think that time was reached in this case. To rule now that under the circumstances of this case the trial court "erroneously precluded" plaintiffs' right of discovery by entering summary judgment would be to convict the court of error in not, *sua sponte,* directing plaintiffs to take further steps to discover evidence. This, in effect, would require the court to become a partisan in the litigation.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.