**OFFICE BUILDING, INC., Respondent,**

v.

**STATE TAX COMMISSION of Missouri et al., Appellants.**

No. 56760.

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

Rehearing Denied Oct. 9, 1972.

Meyer, Smith, Bott & Penner, Edmund B. Smith, Courtney W. Perkins, Kansas City, for respondent.

John C. Danforth, Atty. Gen., Walter W. Nowotny, Jr., Asst. Atty. Gen., Jefferson City, for appellant.

WELBORN, Commissioner.

Proceeding for review of income tax assessment by Director of Revenue. Taxpayer appealed to State Tax Commission which upheld assessment. Circuit court on appeal by taxpayer reversed order of Tax Commission. State Tax Commission appealed.

Office Building, Inc., is a Missouri corporation. On July 21, 1953, Office Building, Inc., entered into an agreement with the Continental Oil Company to construct an office building in Kansas City which would be leased to Continental for a term of 15 years commencing May 10, 1954. The building was erected and Continental entered it as the sole tenant. By a subsequent modification of the lease, dated June 14, 1956, and an amendment of March, 1967, the lessee was granted the right to enlarge the premises and was given two 5-year extension options, extending to May 9, 1979.

For the taxable years ending April 30, 1964, 1965, 1966 and 1967, Office Building, Inc., filed income tax returns with the Director of Revenue showing gross income of $35,865.68, $36,735.02, $35,515.68 and $35,828, respectively, and net income of $16,323.54, $16,107.77, $20,925.45 and $20,422. No tax was paid on the returns, the taxpayer stating that it was "Exempt from tax under Mo.R.S. 143.040."

On June 19, 1968, the Supervisor of Corporate Income Tax for the Department of Revenue notified Office Building, Inc., that it was liable for tax for the years in question and assessed state income tax of $398.29, $373.69, $430.36 and $424.78. The taxpayer's Petition for Abatement of Assessment was overruled and the taxpayer appealed to the State Tax Commission.

The petition for review alleged:

"4. Plaintiff's only activity is the investment and reinvestment of its funds in securities, real estate and leaseholds, and the holding of securities, real estate and leaseholds.

"5. Under Mo.R.S. Sec. 143.040, 'Business Corporations—Income Subject to Tax,' a tax is levied upon every corporation 'except corporations whose only activity is the investment or reinvestment of its own funds in stocks, bonds any other securities, real estate, leaseholds, annuities, and other interest in real estate, or holding stocks, bonds, other securities, real estate, leaseholds, annuities, or any other interest in real estate . . . ' "

A hearing was held before the State Tax Commission on the petition. The taxpayer placed in evidence the lease and its modification and amendment and its returns for the years in question. Mr. Edmund B. Smith, vice-president and counsel for Office Building, Inc., testified concerning its operation:

"It has this one piece of property which is under this lease and modifications there-

of to Continental Oil Company. It collects the rent from that. It takes care of the repairs that are imposed on it under the terms of the lease on exterior repairs. It doesn't have to pay any real estate taxes under this Amendment, the first Amendment I mentioned which is in Exhibit 2, although, in effect, it's charged with the real estate taxes. They are deducted from gross rental. So it has no obligation to that except to check, of course, and see that they are paid at the time they are due and it has . . . . therefore, this was a building that was built for Continental Oil Company to begin with and has continued to to be occupied by them. It has to . . . . . in the first instance, had to negotiate a loan to obtain the funds to build the building. It has retired that loan over the years in payments of principal and interest till it's now completely paid. It pays the insurance premiums that it is required to pay. The lessee is required to pay certain insurance premiums as appears by these leases in modifications, as to the improvements the lessee has put on, the lessee is obligated, as I recall it, to pay for those insurance premiums. I believe the tax returns will show that it has also made some small contributions to charity. Of course, it pays its Federal Income Tax and makes those returns. That is the extent of its activities as far as I can tell you.

"Q. When was this building built?

"A. Immediately following the execution of this lease, the lease was entered into on the July 21st, 1953 and it called for occupancy, I believe, to begin on May 10, 1954.

"Q. Are there any other tenants besides Continental Oil Company?

"A. No, it is the sole tenant.

"Q. Does Office Building, Inc. own any other property besides this property that it's leased to Continental?

"A. No, no real property. It has, at times, invested its funds in securities which appear on the record in the tax returns."

The Tax Commission affirmed the assessment and Office Building, Inc., appealed to the circuit court. On the record before the Tax Commission, the circuit court found the Commissioners' decision unsupported by substantial and competent evidence, unauthorized by law and an abuse of discretion and reversed the Commission's order. This appeal followed.

Section 143.040, RSMo 1969, V.A.M.S., which imposes a tax upon corporate income, contains the following exception:

" * * * except corporations whose only activity is the investment or reinvestment of its own funds in stocks, bonds, any other securities, real estate, leaseholds, annuities, and other interest in real estate, or holding stocks, bonds, other securities, real estate, leaseholds, annuities or any other interest in real estate, in such per cent, as now or hereafter provided, of the net income from all sources in this state during the preceding year."

The question here presented is whether or not Office Building, Inc.'s "only activity" is the investment or reinvestment of its funds in securities and real estate, or holding securities or real estate. By the terms of the lease of the premises to Continental Oil Company, Office Building, Inc., has undertaken certain obligations. As lessor, it is obligated to maintain the exterior of the building and to repair all structural defects. Office Building, Inc., is also obligated to make other than minor repairs to the lighting, heating, plumbing and air-conditioning equipment on the premises and to replace such equipment in case of defect or damage not occasioned by negligence of the lessee. The lessor is also obligated to keep the sidewalks, driveways and parking places on the premises in a good and safe condition. For the year ending April 30, 1964, no expenditure for such repairs was made. For the April 30, 1965 year, $4,825.05 was expended for such purpose by Office Building, Inc.; for April 30, 1966, $280.02 and for April 30, 1967, $325.

Office Building, Inc., is obligated to restore the building in event of its partial

damage or destruction and for such purpose is required to purchase and keep in force adequate fire and extended insurance to restore the building in the event of loss. For each of the years in question, Office Building, Inc., spent approximately $228 to provide such insurance.

■ The evidence of such activity was adequate to justify the State Tax Commission's conclusion that the only activity of Office Building, Inc., was not the investment or reinvestment of its funds in real estate or securities or in the holding of real estate or securities. By such activity, Office Building, Inc., injected itself into the operation and maintenance of the building which it owned and leased. The use by the legislature of the adjective "only" before the word "activity" demonstrates an intention to restrict the provision here in question so that whether or not the other activity is reasonably incidental to the investment or reinvestment in real estate or securities is not the test. Nor does the provision here involved have such an obvious purpose,[1] as is found in the case of charitable tax exemptions (Bethesda General Hospital v. State Tax Commission, Mo.Sup., 396 S.W.2d 631), which calls for a construction designed to effect a dominant policy objective.

■ Respondent's argument that the expenditures here for repairs and insurance amounted to "protection of Respondent's investment by irregular or occasional capital reinvestment" would apply a test not justifiable by the terms of the statute. The regularity of the activity is not the test and activity by way of repairs and purchase of insurance to protect an investment is not an investment.

The decision of the State Tax Commission was supported by substantial and competent evidence, was authorized by law and was not an abuse of discretion. Therefore,

the trial court erred in reversing such decision. The judgment of the trial court is reversed and the cause remanded with directions to reinstate the decision of the State Tax Commission.

■ Respondent has filed a motion to dismiss the appeal because of the appellants' failure to provide in their brief a fair and concise statement of the facts as required by Supreme Court Rule 84.04, V.A.M.R. The brief is deficient in this regard and the reply brief filed to remedy the deficiency is of little assistance. However, in view of the brevity of the record and the undisputed state of facts upon which the cause was submitted, the drastic action of dismissal of the appeal will not be taken and respondent's motion is overruled.

Reversed and remanded with directions.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.

---

1. Note the "Editorial Comment" on the provision here in question in CCH Missouri State Tax Reporter, ¶ 11–217: "There seems to be no logical reason for the above exemption. Individuals whose sole income is derived from the same activities are subject to tax."