Edwin Lee **GEIERSBACH**,
Appellant, Pro Se,

v.

**BLUE CROSS/BLUE SHIELD OF KANSAS CITY, Respondent.**

**No. WD 59643.**

Missouri Court of Appeals,
Western District.

Sept. 4, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 2001.

Edwin L. Geiersbach, Grain Valley, pro se.

Kerri S. Reisdorff, Kansas City, for respondent.

Before SPINDEN, Chief Judge, HOWARD and HARDWICK, J.J.

HARDWICK, Judge.

Edwin Lee Geiersbach appeals the trial court's judgment dismissing with prejudice his fraudulent conversion claim against Blue Cross/Blue Shield of Kansas City. We affirm.

**Factual and Procedural Background**

Appellant Geiersbach is an insurance agent who writes insurance policies as an independent contractor for Blue Cross/Blue Shield of Kansas City (BCBS). On August 14, 1996, January 3, 1997, and February 2, 1998, BCBS received from the Internal Revenue Service (IRS) separate Notices of Levy on Wages, Salary and Other Income, Form 668 W(c). These notices demanded that BCBS turn over all of Geiersbach's wages and salary earned, but not yet paid, as well as future wages and salary until the levy was released. In compliance with the three levies, BCBS withheld commissions earned by Geiersbach and turned them over to the IRS.

On June 19, 2000, Geiersbach filed a petition in Jackson County Circuit Court against BCBS alleging fraudulent conversion of his property (in the form of commissions) over to the IRS. He claimed BCBS was obligated to investigate and determine, prior to delivery of his commissions to the IRS, the legal propriety of the levy. Geiersbach theorized that BCBS

had breached its contractual fiduciary relationship to him because BCBS knew the levy notices had no legal effect without a notice of seizure from the IRS pursuant to 26 U.S.C. § 6502(b)[1] and § 6335(a)[2].

BCBS filed a motion to dismiss Geiersbach's complaint based on its claim of statutory immunity provided to persons complying with an IRS levy, as set forth in 26 U.S.C. § 6332(e).[3] Geiersbach opposed the motion, asserting that immunity was not available to BCBS because the levy was not legitimate without a proper notice of seizure from the IRS.

On January 17, 2001, the trial court entered judgment granting BCBS' motion and dismissing Geiersbach's claim with prejudice. The trial court determined that the issue of whether the IRS had properly issued a notice of seizure was relevant to Geiersbach's potential claims against the IRS, but had no applicability to the question of liability against BCBS. The court ruled that BCBS was immune from prosecution by Geiersbach pursuant to the provisions of Section 6332(e) and, therefore, dismissed the fraudulent conversion claim.

### Procedural Deficiencies on Appeal

Geiersbach appeals the trial court's decision to dismiss his claim. Although the legal file clearly establishes the issues before the trial court and the basis for its dismissal decision, Geiersbach's specific claims of error are difficult to discern because his First Amended Appellant's Brief fails to comply with Rule 84.04.[4]

Rule 84.04(c) requires that the statement of facts in an appellant's brief be "a fair and concise statement of the facts relevant to the questions · presented for determination without argument." Appellant provided a statement of facts that consisted of an abbreviated procedural history of the case. Without the assistance of BCBS in providing a supplemental statement of facts in Respondent's brief, this Court would have had little or no understanding of the facts underlying the relevant issues.

Rule 84.04(d) requires that the Points Relied On identify what actions or rulings of the court are to be reviewed and con-

1. **Section 6502 Collection after assessment**
   **(b) Date when levy is considered made.**— The date on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given.

2. **Section 6335 Sale of seized property**
   **(a) Notice of seizure.**—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at his usual place or abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.

3. **Section 6332 Surrender of property subject to levy**
   **(e) Effect of honoring levy.**—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which levy has been made who, upon demand by the Secretary, surrenders such property or rights to property (or discharges such obligation) to the Secretary (or who pays the liability under subsection (d)(1)) shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment.

4. All rule citations are to the Missouri Rules of Civil Procedure unless otherwise noted.

cisely state why they constitute reversible error. Appellant's Points Relied On state:

I. THE CIRCUIT COURT ERRED BY ENTERING A JUDGMENT IN FAVOR OF THE RESPONDENT BECAUSE THERE WAS NO EVIDENCE OR TESTIMONY PRESENTED BY EITHER PARTY IN ORDER TO ESTABLISH THE ALLEGED BERACH(SIC) OF FIDUCARY(SIC) RESPONSIBILITY FOR UNLAWFUL CONVEYANCE OF PROPERTY ON BEHALF OF RESPONDENT.

II. THE CIRCUIT COURT JUDGE ERRED BY NOT ALLOWING THE APPELLANT TO COMPLETE DISCOVERY IN ORDER TO BRING ALL MEANINGFUL TESTIMONY AND EVIDENCE OF APPELLANT'S ALLEGATION ON UNLAWFUL CONVEYANCE OF PROPERTY AGAINST RESPONDENT BEFORE THE COURT.

In Point I, Appellant identified the ruling he is challenging and the legal reasons for the challenge, but he failed to indicate why those legal reasons support a claim of reversible error under the facts of this case. Point II omits any reference to the ruling challenged or the grounds for reversible error.

Rule 84.04(e) requires that the argument section "include a concise statement of the applicable standard of review for each claim of error." While the Respondent's brief provides the standard of review in this matter, Appellant's brief provides no standard of review. Appellant's brief similarly fails to comply with the word count certification requirements of Rule 84.06(c)(2).

■ Appellate courts require compliance with Rule 84 to ensure they do not become advocates by speculating on facts and on arguments that have not been asserted. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App. W.D.2000) citing *Hall v.*

*Mo. Bd. Of Prob. and Parole*, 10 S.W.3d 540, 544–45 (Mo.App. W.D.1999). Nonetheless, we hesitate to dispose of this appeal for violations of Rule 84.04 because the only issue that could be appealed here—whether the trial court erred in granting BCBS immunity as a matter of law—is apparent, and the procedural rules are to be liberally construed to promote justice and minimize the number of cases disposed of on technical grounds. *Gray v. White*, 26 S.W.3d 806, 815 (Mo.App. E.D. 1999) (citing *Brancato v. Wholesale Tool Co., Inc.*, 950 S.W.2d 551, 555 (Mo.App. E.D.1997)).

■ Moreover, BCBS has not raised the obvious deficiencies in Appellant's brief and clearly seeks a decision on the merits. This court need not exercise its discretion to dismiss an appeal for technical deficiencies under Rule 84.04 unless the deficiency impedes disposition on the merits. *Gray*, 26 S.W.3d at 816 (citing *Saidawi v. Giovanni's Little Place, Inc.*, 987 S.W.2d 501, 504 (Mo.App. E.D.1999) and *Brown v. Hamid*, 856 S.W.2d 51, 53 (Mo.banc 1993)). Although Appellant's brief provides little assistance, we are able to ascertain the singular issue on appeal based on Respondent's brief and the few pleadings in the legal file. *See Office Bldg., Inc. v. State Tax Comm'n*, 485 S.W.2d 67, 70 (Mo.1972).

### Analysis

■ We conduct a *de novo* review of the trial court's dismissal because it involves the issue of whether BCBS was properly granted immunity from Geiersbach's fraudulent conversion claim as a matter of law. *Snyder v. Dept. of Elementary and Secondary Educ.*, 952 S.W.2d 764, 767 (Mo.App. W.D.1997). Although the central issue of immunity is ignored in Appellant's brief, his reply brief argues BCBS was not entitled to immunity because it failed to investigate the propriety of the levy against him.

The applicable immunity statute, Section 6332(e), places no such investigatory obligation on BCBS. *Moore v. Gen. Motors Pension Plans,* 91 F.3d 848, 851 (7th Cir.1996). The statute provides, in relevant part, that:

> [A]ny person in possession of . . . . property . . . . subject to levy upon which a levy has been made who, upon demand of the Secretary, surrenders such property . . . to the Secretary . . . shall be discharged from any obligation or liability to the delinquent taxpayer . . . arising from such surrender or payment.

Section 6332(e).

BCBS fully complied with the statute in that it withheld and remitted Geiersbach's commissions to the IRS upon three separate demands from the Treasury Secretary, each in the form of notices of levy. *Kane v. Capital Guardian Trust Co.,* 953 F.Supp. 1200, 1206 (D.Kan.1997), *aff'd,* 145 F.3d 1218, 1222–24 (10th Cir.1998). Nothing more was required to immunize BCBS from liability on Geiersbach's claim of fraudulent conveyance. In *Pawlowske v. Chrysler Corp.,* 623 F.Supp. 569, 570–71 (N.D.Ill.1985), *aff'd,* 799 F.2d 753 (7th Cir. 1986), the court upheld immunity and dismissed a similar argument that an employer must obtain a notice of seizure or court order prior to complying with an IRS levy.

Third parties such as BCBS are not only immune from liability, they are subject to penalties if they refuse to withhold the wages or salary subject to a notice of levy. *Purk v. United States,* 747 F.Supp. 1243, 1249 (S.D.Ohio 1989). Federal law does not require a third party to refuse to honor a levy. Even if the property was erroneously or mistakenly surrendered, Section 6332(e) protects the third party from liability arising from the surrender of the property. *Allstate Fin. Corp. v. United States,* 860 F.Supp. 653, 657 (D.Minn.1994), *aff'd,* 109 F.3d 1331

(8th Cir.1997). Geiersbach may have legitimate defenses to the levies which may be asserted against the IRS, but such defenses do not affect BCBS's obligation to honor the levy. *Moore,* 91 F.3d at 851, *United States v. Gen. Motors Corp.,* 929 F.2d 249, 251 (6th Cir.1991).

Section 6332(e) and the supporting case law preclude Appellant's claim that BCBS "converted" his property. Geiersbach has never disputed the basic facts which establish that BCBS met and complied with every element in the statute and was, therefore, entitled to immunity. Given the statutory immunity, there are no facts upon which Appellant could have stated a claim against BCBS for the fraudulent conversion of his commissions. The trial court's order dismissing his claim with prejudice, as a matter of law, was appropriate. We affirm.

All concur.