Janna C. GODFREY, Respondent,

v.

James P. GODFREY, Appellant.

No. WD 63042.

Missouri Court of Appeals,
Western District.

Jan. 4, 2005.

David P. Chamberlain, Liberty, MO, for Appellant.

Gail Berkowitz–Gifford, Kansas City, MO, for Respondent.

Before SMART, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

James Godfrey (Husband) appeals from the judgment dissolving his marriage to Janna Godfrey (Wife). He contends the trial court erred in awarding Wife temporary maintenance in the amount of $600 per month and permanent maintenance of $200 per month. Finding no error, we affirm the trial court's judgment.[1]

---

1. Wife has filed a Motion to Dismiss the appeal, alleging Husband's brief fails to comply with Rule 84.04(d). Because the issues on appeal are readily ascertainable, we deny the Motion and exercise our discretion to provide the parties with a determination on the merits. *Geiersbach v. Blue Cross/Blue Shield of Kansas City,* 58 S.W.3d 636, 639 (Mo.App. 2001).

## STANDARD OF REVIEW

 Appellate review of a trial court's determination of maintenance will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court incorrectly declares or applies the law. *Hammer v. Hammer,* 139 S.W.3d 239, 240 (Mo. App.2004). The trial court has broad discretion in awarding maintenance and its decision will not be overturned absent an abuse of discretion. *Id.* In determining whether there has been an abuse of discretion, we review the evidence in a light most favorable to the decree, disregarding any evidence to the contrary and deferring to the trial court's judgment even if the evidence could lead to a different conclusion. *Id.*

## TEMPORARY MAINTENANCE

██ Husband contends the trial court erred in awarding temporary maintenance because Wife failed to prove that she was unable to support herself through appropriate employment, as required by Section 452.335.[2] We cannot review this point as Husband has waived any right to appeal from the temporary maintenance award. The trial court entered the order for temporary maintenance on May 14, 2002. This order was a final judgment from which an appeal could have been taken. *Wakili v. Wakili,* 918 S.W.2d 332, 338 (Mo.App.1996). Husband did not appeal the temporary maintenance award within ten days of its finality, and his attempt to do so now is untimely. *Id.;* Rule 81.04(a).[3] Point denied.

## PERMANENT MAINTENANCE

██ Husband contends the permanent maintenance award of $200 per month was unsupported by substantial evidence in that: (1) Wife failed to meet the threshold requirements of Section 452.335; and (2) Wife requested only $1.00 in maintenance. Husband argues that even if Wife could prove her entitlement to maintenance, the court only had authority to award her the nominal amount of $1.00 monthly.

Under Section 452.335.1, maintenance can be awarded to a spouse who lacks sufficient property to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment. If this two-part test is met, the court must consider other relevant factors in determining the amount and duration of maintenance, including:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs

**2.** All statutory references are to Revised Statutes of Missouri (2000).

**3.** All rule citations are to the Missouri Rules of Civil Procedure (2004).

while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

§ 452.335.2.

Wife presented substantial evidence to satisfy the threshold requirements for maintenance. Wife had worked as a teacher and coach during the parties' five-year marriage. In July 2001, she was diagnosed with a serious immune deficiency disease [4] and was forced to take medical leave during the 2001–2002 school year. Wife was able to return to teaching in the fall of 2002, but could no longer coach. As a result of her illness, Wife lost 70% of her kidney function and became a candidate for a kidney transplant. Wife's treating physician reported that her medical future is uncertain and that she is unlikely to be able to maintain full-time employment if her condition worsens.

At the time of the dissolution hearing in December 2002, Wife's monthly net income from teaching was $1,770 and her average living expenses were $2,102 per month. Due to her chronic illness, Wife was unable to work additional hours or jobs to cover her monthly budget shortfall of $330. Wife testified that she lacked sufficient resources to pay for such items as clothing, dental care, and recreation. Wife also did not have any income-producing property that could be used to help defray her monthly expenses. The trial court properly determined that Wife was entitled to maintenance under Section 452.335.1 because the evidence was sufficient to prove she was unable to meet her reasonable needs through appropriate employment or other available resources.

Despite the $330 shortfall in her monthly budget, Wife requested only nominal maintenance of $1.00 per month as a way of keeping the issue open for future consideration. Wife minimized her needs and was cautiously optimistic that she could manage the current budgetary deficit as long as her health did not preclude her from working. The trial court considered the evidence and expressly analyzed the relevant factors of Section 452.335.2 in determining the amount of maintenance. The court awarded Wife $200 in monthly maintenance based on its finding that she "cannot support herself, and [Husband] is well able to assist in her support."

■■ On appeal, Husband argues the court was not authorized to award more than $1.00 in maintenance because Wife's nominal request was an admission that she had no need for a greater amount. Husband disregards the undisputed evidence that Wife was unable to meet her reasonable needs. The court's authority to determine the amount of maintenance is dictated by the requirements of Section 452.335. The statute "imposes an independent duty on the court to achieve a just result based on *all the factors* in the record. The question is whether the court erred in attempting to carry out the statutory directives." *Hammer*, 139 S.W.3d at 246.

■ "If there is a gap between the 'reasonable needs' of the spouse and the resources and potential earnings of that spouse, and the other spouse has the ability to pay maintenance, maintenance should be awarded." *Id.* at 241. Based on the evidence showing that Wife's reasonable expenses exceeded her income by $330

---

4. Wife suffers from Wegener's Granulamatosis, an immune deficiency disease in which the inflammation of blood vessels causes damage to important organs of the body by limiting blood flow and destroying normal tissue. The disease primarily affects the respiratory system (sinuses, nose, trachea, and lungs) and the kidneys.

monthly, the court had a duty to determine a fair amount of maintenance. Husband has never disputed his ability to pay maintenance. Wife's request for nominal maintenance was inconsistent with the evidence that she was unable to meet her reasonable needs. The $200 maintenance award was within Wife's range of need and within Husband's ability to pay. Under the circumstances, the court had authority under Section 452.335 to award permanent maintenance in that amount.

CONCLUSION

Wife's motion to dismiss the appeal is denied. The trial court's judgment is affirmed.

All concur.