Randy **NICKLESS**, Appellant,

v.

**SAINT GOBAIN CONTAINERS, INC., and, DIVISION OF EMPLOYMENT SECURITY, Respondents.**

No. ED 96149.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 25, 2011.

4. All further statutory references are to RSMo 2000.

Meagan E. Breeze, Breeze Law Firm, Festus, MO, for appellant.

Bart A. Matanic, Michael Eugene Cook Pritchett, Jefferson City, MO, for respondent DES.

Dennis C. Donnelly, Bryan Cave LLP, St. Louis, MO, Jeffrey Martin Mallamad, Carolyn Clay Hall, Bingham McHale LLP, Indianapolis, IN, for respondent Saint Gobain.

KENNETH M. ROMINES, J.

### Background and Procedural History

Randy Nickless (Employee) challenges the Labor and Industrial Relations Com-

mission's (Commission) denial of unemployment benefits. Employee claims that there was not substantial evidence to support the Commission's findings of fact, and that his actions, or more accurately his inactions, did not amount to misconduct.

Prior to his discharge, Employee had been employed at Saint Gobain Containers (Employer) as a warehouse drive loader since September 1981. On 3 April 2010, Lisa Steiner, the director of human resources at Saint Gobain, found Employee asleep in an inner office. During an investigation of the incident, Employee claimed he was not sleeping, but was allowing eye wash he had applied to his eyes after getting dust in them to soak. Employee was discharged eight days later as a result of the incident.

Employee filed a claim for unemployment and Employer protested, claiming Employee had been discharged for misconduct. The deputy found that Employee was eligible for benefits. Employer appealed this decision to the Appeals Tribunal which affirmed the decision of the deputy. Employer then appealed to the Labor and Industrial Relations Commission, which reversed the decision of the Appeals Tribunal and found that Employee was disqualified from receiving benefits.

### Standard of Review

■■■ On appeal from the Commission, this Court shall only review questions of law and may modify, reverse, remand for rehearing, or set aside the award if: (1) the commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the commission do not support the award; (4) there was not sufficient competent evidence in the record to warrant the making of the award. Section 288.210.[1] "The Commission's finding as to facts, if supported by competent and substantial evidence, in the absence of fraud, are conclusive." *Scrivener Oil Co., Inc. v. Crider*, 304 S.W.3d 261, 266 (Mo.App. S.D.2010) (internal citation omitted). We defer to the Commission's credibility determinations. *Id.* "When the evidence of each party and inferences to be drawn therefrom conflicts, resolution of the conflicting inferences is the job of the commission, and its resolution is binding on the reviewing court." *Id.* at 267 (internal citation omitted). The issue of whether an employee was discharged for misconduct is a question of law to be reviewed de novo with no deference given to the Commission's decision. *Comeaux v. Convergys Customer Management Group, Inc.*, 310 S.W.3d 759, 762 (Mo.App. E.D.2010).

### Discussion

A claimant is disqualified from receiving unemployment benefits if he was discharged for misconduct connected with work. Section 288.050.2. Misconduct is defined as: "an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." Section 288.030.1(23).

■■■ On appeal, Employee claims that the Commission erred in denying his claim for unemployment benefits because there was not substantial evidence that he was actually sleeping on the job—there was only evidence that he "appeared" to be

---

1. All statutory references are to RSMo (2010) unless otherwise noted.

sleeping. Employee argues that the mere appearance of sleeping is not misconduct.

Two questions must be answered to dispose of this case: 1) Was Employee sleeping on the job? 2) If he was, does sleeping on the job constitute misconduct?

The resolution of the first question is dictated by the standard of review. While there was conflicting evidence on the issue, there was certainly evidence from Employer's witness that Employee was in fact sleeping on the job. Ms. Steiner testified that on 3 April she found Employee in a room with the lights off, sitting in a chair with his head on his chest and his eyes closed. She said that when she entered the room, she slammed the door but Employee did not move. According to Ms. Steiner, Employee only moved after she began talking to other employees who were in a nearby area.

On the other hand, Employee testified that when Ms. Steiner found him apparently sleeping, he was simply allowing eye wash that he had just applied to soak. Employee stated that he had been doing some cleaning in the warehouse with an air hose and had gotten debris in his eyes. He said he then went to the first aid kit and got the eye wash. After applying the eye wash in the bathroom, he went to the office where Ms. Steiner found him, and closed his eyes to allow the wash to soak. Employee had been warned about sleeping on the job in 1999.

This issue essentially came down to a "he said/she said" situation with Employee claiming he was not asleep and Employer's witness claiming he was. The Commission found Employer's witness' account more credible and concluded that Employee was indeed asleep. We are bound by that determination. *Scrivener*, 304 S.W.3d at 267.

 While we resolve the second question independently, the resolution is no more difficult. Misconduct includes "a disregard of standards of behavior which the employer has the right to expect of his or her employee." Although no Missouri case has directly addressed this issue, the idea that sleeping on the job is anything other than misconduct is absurd.[2] Employers have a right to expect that Employees are engaged in meaningful work while being paid by Employer. *West v. Baldor Elec. Co.*, 326 S.W.3d 843, 847 (Mo. App. E.D.2010). Certainly employers have a right to expect employees to be conscious during their scheduled shifts. Sleeping on the job would be a "conscious" disregard of that standard.

The Commission did not err in finding that Employee had committed misconduct. The judgment is affirmed.

KATHIANNE KNAUP CRANE, P.J., concurs and LAWRENCE E. MOONEY, J., concurs in result.

2. We note that there may be limited exceptions to this rule—occupations where sleeping on the job is acceptable, such as medical professionals who work extended shifts and are allowed naps.