Edmund TERRELL, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 74680.

Missouri Court of Appeals, Western District.

July 31, 2012.

Edmund Terrell, Appellant Pro Se.

Bart A. Matanic, Jefferson City, MO, for respondent.

Before Division One: JAMES M. SMART, JR. Presiding Judge, LISA WHITE HARDWICK, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Edmund Terrell ("Terrell") appeals the decision of the Labor and Industrial Relations Commission ("Commission") that denied Terrell's application for review. For the reasons discussed below, we dismiss the appeal.

### Factual Background

Terrell was employed as a Habitation Specialist at Focus On Residential Services ("Employer"), which is a residential center that serves individuals with mental and developmental disabilities. Terrell worked for Employer from 2008 until his discharge on August 16, 2011.

Terrell sought unemployment benefits and Employer lodged a Letter of Protest. The Deputy determined that the "claimant is not disqualified because of discharge" because "the discharge was not for misconduct connected with work." Furthermore,

the Deputy concluded that "Claimant was discharged because the Employer was dissatisfied with the claimant's work performance" and "the claimant was working to the best of his or her ability."

Employer appealed to the Appeals Tribunal, which reversed the Deputy's determination. Specifically, the Appeals Tribunal concluded the Employer did terminate Terrell for "misconduct" in that it "finds credible the supervisor's testimony that the claimant willfully refused to raise resident's bed rails at night, willfully refused to place the resident's T-shirts on the residents at night, and willfully failed to clock in and clock out of work properly each day." Although the Appeals Tribunal noted that "claimant did not participate in the hearing," this was not the basis for its ruling.

Terrell appealed the Appeals Tribunal decision on the merits to the Commission. The Commission then issued the following Order:

After due notice to the interested parties, the Appeals Tribunal held a hearing in this matter on October 6, 2011. Claimant did not participate in the hearing. On October 13, 2011, the Appeals Tribunal issued a decision adverse to claimant. Claimant filed an Application for Review with the ... Commission seeking review of the Appeals Tribunal decision.

The Application for Review has been given due consideration by the Commission. Claimant has not alleged good cause for his failure to appear at the Appeals Tribunal hearing to present his position in this matter. We will not consider claimant's position, evidence or argument for the first time on appeal. We deny the Application for Review. Terrell now appeals.

## Standard of Review

This Court outlined the following applicable principles pertaining to our standard of review:

Section 288.210 [1] sets this Court's standard of review for appeals from final awards of the Commission. That section provides that:

The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 288.210; *Weirich v. Div. of Emp't Sec.*, 301 S.W.3d 571, 574 (Mo. App. W.D.2009). "In the absence of fraud, the Commission's factual findings are conclusive and binding on this Court if supported by competent and substantial evidence." *Ragan v. Fulton State Hosp. & Div. of Emp't Sec.*, 188 S.W.3d 473, 474 (Mo.App. E.D.2006)(citing Section 288.210). "Our function is to determine whether the Commission, based upon the whole record, could have reasonably made its findings and reached its result." *Id.* (quoting *Shields v. Proctor & Gamble Paper Prods. Co.*, 164 S.W.3d 540, 543 (Mo.App. E.D.2005)). *Lanham v. Division of Employment Sec.*, 340 S.W.3d 324, 326 (Mo.App. W.D.2011).

1. All statutory citations are to RSMo (2000) as updated in the most recent cumulative supplement, unless otherwise indicated.

Thus, unlike the decision of the Appeal Tribunal, the Commission's decision was based on the failure to appear, not on the merits of the evidence presented at the hearing.

### Analysis

In his sole Point Relied On, Terrell argues that the Commission erred in "denying Terrell's claim for unemployment compensation, because Employer failed to meet its burden of proving misconduct ... in that the evidence established, at a minimum, that Terrell was never warned notifying him of misconduct and that there was not substantial or competent evidence presented that suggests Terrell manifested a 'willful' or 'wanton' disregard of the employer's interest."

But the problem with Terrell's argument is that, it presumes that we are empowered to reach the merits of the Appeal Tribunal's Decision. We cannot. "We review the Commission's decision, however, and not the decision of the Division deputy or appeals tribunal." *Stanton v. Division of Employment Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010).

Here, Terrell "does not allege any error on the part of the Commission with respect to the Commission's decision to affirm the dismissal of his case for failure to appear at the hearing." *Id.* This Court has previously held the following:

> Our review is confined to those points of error that the appellant properly raises on appeal. In this case, Stanton has failed to allege any reviewable point of error on the part of the Commission.... Rule 84.13(a) provides that "allegations of error not briefed or not properly

briefed shall not be considered in any civil appeal." Furthermore, " '[a] question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case.' " *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 890 (Mo.App.E.D.2008) (citation omitted). Because Stanton's appeal does not contest the dismissal of his case for failure to appear at the hearing, he has abandoned that issue. *Id.* Having failed to raise the grounds upon which the Commission dismissed his claim, Stanton presents no appealable issue for this court to review. *Id.*

*Id.*

Accordingly, like in Stanton, this Court must dismiss Terrell's appeal.[2]

### Conclusion

Terrell's appeal is hereby dismissed.

---

**2.** We recognize that Terrell is proceeding pro se in this matter, but he "is still held to the same standards as those represented by counsel." *Boles v. Division of Employment Sec.*, 353 S.W.3d 465, 468–9 (Mo.App. W.D.2011) ("While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties."). Finally, it is worth noting that the litigant in Stanton was also proceeding pro se. *See Stanton*, 321 S.W.3d at 487.