221

James SULLIVAN, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. WD 74763.

Missouri Court of Appeals,
Western District.

Nov. 27, 2012.

James Sullivan, Belleville, IL, pro se.

222

Shelly A. Kintzel, Jefferson City, MO, for Respondent.

Before Division Two: LISA WHITE HARDWICK, Presiding Judge, JAMES M. SMART, JR. and KAREN KING MITCHELL, Judges.

LISA WHITE HARDWICK, Judge.

When the Division of Employment Security's Appeals Tribunal determined that James Sullivan was disqualified from receiving unemployment benefits because his employer, Landry's Seafood House, discharged him for misconduct, Sullivan appealed to the Labor and Industrial Relations Commission. The Commission denied his application for review. Sullivan appeals to this court, contending that the decision to deny him unemployment benefits was not supported by competent and substantial evidence. For reasons explained herein, we affirm.[1]

FACTUAL AND PROCEDURAL HISTORY

Sullivan began working as a part-time cook for Landry's Seafood House in April 2010. He was discharged on August 25, 2011, because he left the food preparation line and went outside to smoke a cigarette, without permission, during his work shift.

Sullivan subsequently filed a claim for unemployment benefits with the Division of Employment Security. A Division deputy determined that Sullivan was not discharged for misconduct connected with work and, therefore, he was eligible for benefits. Landry's Seafood House appealed to the Division's Appeals Tribunal.

The Appeals Tribunal held a telephone hearing. Sullivan received notice and specific instructions on how to participate in the hearing, but he failed to call in and appear at the hearing. Landry's Seafood House offered the testimony of Patrick Gurz, a senior kitchen manager for the restaurant.

Gurz testified that Landry's Seafood House prohibits employees from smoking while on the clock. The restaurant has a sign on the doors to remind employees of this policy, and the policy was discussed with employees on multiple occasions during weekly shift meetings. Landry's Seafood House also prohibits employees from leaving their work area without a supervisor's permission. Kitchen employees like Sullivan are allowed to take breaks during their shift, but they have to ask a supervisor for permission and clock out. Sullivan signed an acknowledgement on April 17, 2010, that he received a copy of these policies. Throughout his employment with Landry's Seafood House, Sullivan had complied with these policies by asking to take smoke breaks and clocking out, but he had also been counseled after taking unauthorized smoke breaks while on the clock.

During the dinner shift on August 25, 2011, Sullivan left the food preparation line and could not be found for twenty minutes. He was eventually found in the parking lot, smoking and talking on his cell phone. Sullivan had not asked permission from his supervisor to take a break, had not clocked out for a break, and had not notified anyone that he was leaving his work station. Gurz discharged Sullivan based upon these

1. As an alternative to addressing the case on the merits, the Division asks that we dismiss the appeal because Sullivan's brief fails to comply with Rule 84.04. We agree that Sullivan's brief contains multiple violations of Rule 84.04. Nevertheless, we are able to as-

certain the dispositive issue on appeal and, therefore, we exercise our discretion to provide the parties with a determination on the merits. *Geiersbach v. Blue Cross/Blue Shield of Kansas City*, 58 S.W.3d 636, 639 (Mo.App. 2001).

violations of Landry's Seafood House's policies.

Following the hearing, the Appeals Tribunal determined that Sullivan was disqualified from receiving unemployment benefits because he was discharged for misconduct. The Appeals Tribunal found that Landry's Seafood House's policies prohibit employees' smoking while on the clock but allow employees to take a break when approved. The Appeals Tribunal further found that Sullivan took an unapproved smoke break for which he did not clock out. The Appeals Tribunal determined that this was misconduct because the restaurant's policies were reasonable and Sullivan was aware of the policies and intentionally violated them.

Sullivan filed an application for review in the Commission. The Commission denied his application for review after finding that he failed to allege good cause for failing to appear at the hearing before the Appeals Tribunal to present his position in this matter. Sullivan appeals.

## STANDARD OF REVIEW

■ Where, as in this case, the Commission denies the application for review, Section 288.200.1, RSMo 2000, provides that "the decision of the appeals tribunal shall be deemed to be the decision of the commission for the purpose of judicial review." [2] Judicial review of the decision "shall be ... in the manner provided for with respect to decisions of the commission." *Id.* Therefore, our review of the decision to deny unemployment benefits is governed by Section 288.210, RSMo 2000. We may modify, reverse, remand for rehearing, or set aside the decision on only these grounds: (1) the Appeals Tribunal acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award. See *id.*

■ Sullivan contends the Appeals Tribunal's decision was not supported by competent and substantial evidence. To determine whether there was sufficient competent and substantial evidence to sup-

**2.** Recently, in *Terrell v. Div. of Emp't Sec.*, WD 74680, 2012 WL 3089296 (Mo.App. July 31, 2012), this court dismissed a similar appeal on the basis that the appellant alleged error only in the Appeals Tribunal's decision to deny his claim on the merits and not in the Commission's decision to deny the application for review, because the appellant did not allege good cause for his failure to appear at the Appeals Tribunal hearing. The failure to appear was not the basis for the Appeals Tribunal's decision because the appeal had been taken by the employer and not the claimant. In the *Terrell* dismissal, this court did not address Section 288.200.1, which the Division brought to our attention in this case. Because this statute, which permits the Commission to either "allow or deny" an application for review, requires that we review the Appeals Tribunal's decision if the application for review is "denied" and not "allowed," *Terrell* should not be followed to the extent that it fails to apply Section 288.200.1. Pur-

suant to Supreme Court Operating Rule 22.01 and Local Rule XXXI, this opinion has been reviewed and approved by order of the court en banc.

We note that the circumstances in this case are distinguishable from a scenario where the Commission "allows" an application for review and then affirms an Appeals Tribunal's decision to dismiss a claim because of a failure to appear. See, *e.g., Guyton v. Div. of Emp't Sec.*, 375 S.W.3d 254 (Mo.App.2012); *Jackson–Mughal v. Div. of Emp't Sec.*, 359 S.W.3d 97 (Mo.App.2011). The circumstances in this case are also distinguishable from a scenario where an appeal to the Commission is dismissed as untimely, as the Commission's statutory authority to either "allow or deny an application for review" pursuant to Section 288.200.1 is contingent upon timely filing of the application. See, *e.g., Hauenstein v. Houlihan's Restaurants, Inc.*, ED97807, 2012 WL 4788370 (Mo.App. Oct. 9, 2012).

port the decision, we examine the evidence in the context of the entire record. *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 222–23 (Mo. banc 2003). The Appeals Tribunal was free to believe or disbelieve any evidence, and we defer to its determinations regarding the weight of the evidence and the witnesses' credibility. See *Scrivener Oil Co. v. Crider,* 304 S.W.3d 261, 266 (Mo.App.2010). We give no deference to determinations regarding issues of law. See *id.* at 267.

## ANALYSIS

 The Appeals Tribunal determined that Sullivan was disqualified from receiving unemployment benefits because Landry's Seafood House discharged him for misconduct. Whether an employee's actions constituted misconduct is a question of law that we review *de novo. Finner v. Americold Logistics, LLC,* 298 S.W.3d 580, 584 (Mo.App.2009). Section 288.030.1(23), RSMo Cum.Supp.2011, defines misconduct as:

> [A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

Each of these categories of misconduct requires a showing of willfulness on the part of the employee. *Noah v. Lindbergh Inv., LLC,* 320 S.W.3d 212, 216 (Mo.App. 2010). "An employee's willful violation of an employer's reasonable work rule constitutes misconduct." *Id.* Indeed, even a single intentional violation of a known and reasonable work rule or policy can be misconduct. See *id.*

In this case, the undisputed facts show that Sullivan's taking an unauthorized smoke break while on the clock on August 25, 2011, was a willful violation of Landry's Seafood House's known and reasonable work rule. Sullivan was aware that he could not smoke while on the clock and could not take breaks without obtaining a supervisor's permission. He acknowledged receiving a copy of these rules when he started the job, and the rule against smoking while on the clock was posted on workplace doors and discussed during employee meetings. Sullivan had been counseled about violating this rule and had also shown that he could comply with the rule, as he had asked on other occasions to take smoke breaks. This indicates that his failure to comply with the rule on August 25, 2011, was both knowing and willful. See *Freeman v. Gary Glass & Mirror, L.L.C.,* 276 S.W.3d 388, 393 (Mo.App.2009).

Landry's Seafood House's rule regarding breaks was reasonable. A restaurant's business depends upon its employees' ability to prepare food in a timely manner. Gurz testified that employees were allowed to take breaks as long as they asked a supervisor so the supervisor would know where they were. Rather than simply ask his supervisor, however, Sullivan left the food preparation line during the dinner service and could not be found for twenty minutes. Moreover, the restaurant's rule prohibiting smoking while on the clock was reasonable, as Sullivan was being paid to prepare food. "Employers have a right to expect that Employees are engaged in meaningful work while being paid by Employer." *Nickless v. Saint Gobain Containers, Inc.,* 350 S.W.3d 871, 874 (Mo.App. 2011).

Competent and substantial evidence supports the Appeals Tribunal's determi-

nation that Landry's Seafood House discharged Sullivan for misconduct connected to his work. Sullivan's point on appeal is denied.

CONCLUSION

We affirm the decision that Sullivan was disqualified from receiving unemployment benefits because he was discharged for misconduct connected to his work.

All Concur.