

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| LEON THOMAS, JR., | ) | No. ED112703 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| v. | ) | Industrial Relations Commission |
| | ) | |
| | ) | Appeal No: 2272735 |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 25, 2025 |

### Introduction

Leon Thomas, Jr. (Claimant) appeals from the decision of the Labor and Industrial Relations Commission (the Commission) finding that Claimant was overpaid on his claim for unemployment benefits and ordering him to repay the benefits. We affirm.

### Factual and Procedural Background

Claimant worked as a driver at TPS Parking Management, LLC (The Parking Spot), until he was terminated on August 16, 2023. The record showed that Claimant applied for unemployment benefits on August 20, 2023, and received benefits of $320 per week, including for the weeks ending in September 2, 2023 and September 9, 2023. The Division of Employment Security later determined that it had overpaid benefits to Claimant for these two weeks because Claimant had failed to report that he also received vacation pay. The

Division determined the overpayment was due to Claimant's unintentional reporting error or omission, and not fraud. Claimant appealed this determination to the Appeals Tribunal.

At a hearing before the Appeals Tribunal, a benefit program specialist for the Division testified that Claimant earned $15.45 per hour and, when his employment was terminated, The Parking Spot owed him 73.25 hours of vacation or paid time off (PTO), for a total of $1,131.71. The Division submitted a pay-history statement from The Parking Spot showing that on September 8, 2023 The Parking Spot issued a net payment of $988.97 (reflecting gross earnings of $1,131.71, less $141.74 in employee taxes) to Claimant. The Division described this payment as a direct deposit. However, this Court notes the pay-history statement indicates direct deposit was *allowed*, not that it was in fact issued by direct deposit.

Claimant testified that he never received the vacation pay that The Parking Spot owed him following his termination. He clarified he had always been paid by check, not direct deposit. As this Court understands from reviewing the transcript, Claimant further testified that, following his termination, he had filed a lawsuit against The Parking Spot for injuries received at work, and that The Parking Spot had demanded that he sign a document agreeing that, by accepting the payout for his unused vacation and PTO, he would waive his claim against the company. Claimant testified that he refused to sign a document waiving his rights to sue The Parking Spot.

After the hearing, the Appeals Tribunal found that the documentary evidence that The Parking Spot paid Claimant for his unused vacation pay was more credible than Claimant's testimony that he was not paid for the same. The Appeals Tribunal determined Claimant was overpaid $320 for the week ending in September 2, 2023 because Claimant

2

also received wages in the form of vacation pay, and was overpaid $320 for the week ending on September 9, 2023, which was Claimant's waiting week, for a total overpayment of $640. Claimant appealed this determination to the Commission, which affirmed and adopted the decision of the Appeals Tribunal, finding it was supported by competent and substantial evidence. This appeal follows.

## Standard of Review

Section 288.210[1] governs appellate review of the Commission's decisions in unemployment compensation cases. Coday v. Div. of Employment Sec., 423 S.W.3d 775, 778 (Mo. banc 2014). On review, an appellate court may modify, reverse, remand for rehearing, or set aside the Commission's decision only if it finds that: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the decision is not supported by the facts; or (4) the decision is not supported by sufficient competent evidence in the record. Section 288.210. This Court is not bound by the Commission's legal conclusions or application of law, which we review *de novo*, but we defer to the Commission's factual findings, so long as they are supported by competent and substantial evidence in the record. Koenen v. BRG Liberty, LLC, 647 S.W.3d 47, 51 (Mo. App. E.D. 2022).

## Discussion

In his sole point on appeal, Claimant argues the Commission erred in affirming the Appeal Tribunal's order, arguing that the payment from The Parking Spot, which he refers to as a severance check, does not qualify as income under Missouri law because he did not cash or deposit the check and thus he did not realize any financial benefit. We disagree.

---

[1] All statutory references are to RSMo. Cum. supp. 2023, unless otherwise indicated.

For the first time on appeal, Claimant clarifies that he did in fact receive a check for $988.97 from The Parking Spot, but he explains he did not cash the check because he believed that cashing the check would waive his right to proceed with a separate lawsuit he was pursuing against The Parking Spot. Claimant attached three documents to his notice of appeal that do not appear in the record below. First, he included a copy of the check for $988.97 that he received from The Parking Spot, dated September 8, 2023. Second, he included a copy of his letter of termination, dated August 16, 2023, stating The Parking Spot would pay him for his unused accrued PTO and vacation balances in his final check. Third, he included a copy of pages 1-2 and 4-5 of what appears to be a separate Severance and General Release Agreement (severance offer), dated August 16, 2023, in which The Parking Spot appears to offer Claimant a severance payment of $2,224.80 in settlement for any claims related to his employment, the acceptance of which would release The Parking Spot from any claims by Claimant. The severance offer declared it was an extra benefit in exchange for signing the agreement, and was not compensation to which Claimant was entitled as part of his employment. To the extent that Claimant argues the net vacation payout of $988.97 he received from The Parking Spot was the same as the $2,224.80 severance offer, this argument is contradicted by his own documents, which show that the two are unconnected.

Initially, we note that the general rule is that an appeals court will not set aside an administrative action unless the agency has been given a prior opportunity to consider and rule on the issue being raised on appeal. Mills v. Fed. Soldiers Home, 549 S.W.2d 862, 868 (Mo. banc 1977). Here, Claimant asserted to the Appeals Tribunal and the Commission that he did not receive the $988.97 check The Parking Spot reported to have

4

issued for the value of Claimant's unused PTO and vacation hours. He did not assert until this appeal that he did in fact receive the $988.97 check but opted not to deposit it, further arguing that, because he did not deposit the check, the Commission erred in finding he received these wages. Claimant cannot now claim error from the Commission's failure to consider that he did not cash or deposit the $988.97 check, when he did not assert these facts or arguments below. See id.

The only evidence before the Commission was that The Parking Spot had issued Claimant a net payment of $988.97, and this assertion was supported by a pay-history statement. The Commission found the Division's evidence more credible than Claimant's contrary testimony denying that he received the payment. This Court defers to the Commission's credibility determinations, and when there is conflicting evidence in the record that could support two possible conclusions, we will not substitute our judgment for that of the Commission or reweigh the evidence. O'Brien v. Dep't of Pub. Safety, 589 S.W.3d 560, 565 (Mo. banc 2019); Nickless v. Saint Gobain Containers, Inc., 350 S.W.3d 871, 873 (Mo. App. E.D. 2011). There was sufficient competent evidence supporting the Commission's finding that The Parking Spot issued payment to Claimant for his unused PTO and vacation hours. See Nickless, 350 S.W.3d at 874 (in light of contrary evidence, this Court is bound by Commission's findings on credibility and weight of evidence).

For Claimant's clarification, we briefly address, *ex gratia*, his argument on appeal that because he did not cash or deposit the check for $988.97 representing the value of his unused PTO and vacation hours that it should not be considered as income. The purpose of the employment security law is to provide minimal basic support to wage earners who have lost their income due to unemployment. General Motors, Corp. v. Buckner, 49

5

S.W.3d 753, 756 (Mo. App. E.D. 2001). Unemployment compensation is not intended to provide supplemental income to persons who continue to receive wages or benefits. See id. Wages are defined as "all renumeration, payable or paid, for personal services," including vacation or holiday pay. Section 288.036.1; Buckner, 49 S.W.3d at 756. This definition explicitly includes "payable" income as well as income actually paid. "Payable" is defined as "to be paid." BLACK'S LAW DICTIONARY 1363 (11th ed. 2019). Following his termination, The Parking Spot owed Claimant the value of his unused PTO and vacation hours (the net value of which was $988.97), which are considered wages, and they issued him a check accordingly. Regardless of what Claimant chose to do with the check once he received it, the amount was owed to him, and thus it was a "payable" wage for purposes of calculating unemployment benefits under the statute. See Section 288.036.1. It is further undisputed on appeal that The Parking Spot in fact issued a check to Claimant for the amount that was payable to him.

There was substantial and competent evidence in the record supporting the Commission's decision. Point denied.

Conclusion

We affirm the judgment of the Commission.

_____
Gary M. Gaertner, Jr., J.

Philip M. Hess, P.J., and
Renee D. Hardin-Tammons, J., concur.

6